FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

NOV 15 2021


DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:21-00275 |
| v. | ) | |
| | ) | |
| KIMBERLY HODGE, a/k/a KIMBERLY HUGHEN | ) | 18 U.S.C. § 1028A |
| | ) | 18 U.S.C. § 1343 |

# INDICTMENT

THE GRAND JURY CHARGES:

At all times material to this Indictment:

1. **KIMBERLY HODGE, a/k/a KIMBERLY HUGHEN ("HODGE")** was a resident of Loretto, Tennessee, in the Middle District of Tennessee.

2. F.F. was an individual known to the Grand Jury, and the owner and president of Integrity Architectural Millwork ("Integrity").

3. Between December 2018 and May 21, 2020, **HODGE** was the bookkeeper of Integrity. In that role, she was responsible for data entry and bookkeeping work. Integrity used the bookkeeping software program Quickbooks to record payments to vendors. **HODGE** had access to Quickbooks and was responsible for making entries into that program.

4. **HODGE** maintained and controlled a bank account at Fifth Third Bank, account number ending x8733.

5. Integrity maintained two bank accounts relevant to this Indictment: a bank account at Tennessee Bank & Trust (now owned by Fourth Capital) (hereinafter "TN Bank & Trust"), account number ending x4869, which was used for operations (the "Operating Account"), and a bank account at TN Bank & Trust, account number ending x1458 (the "PPP Account"), which was used for the proceeds of a loan Integrity received pursuant to the Payroll Protection Program

("PPP") of the Small Business Administration ("SBA"), as described in Sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

6. F.F. maintained two personal bank accounts at TN Bank & Trust.

## COUNTS ONE THROUGH THREE

7. Beginning on or about February 4, 2019, and continuing until on or about April 20, 2021, in the Middle District of Tennessee and elsewhere, **HODGE** devised and intended to devise a scheme and artifice to defraud Integrity, F.F., financial institutions, and others, and to obtain money and property by means of materially false pretenses, representations, and promises, and by acts of concealment of the scheme, and in furtherance thereof, used interstate wires, which scheme is further described in the following paragraphs.

8. It was part of the scheme that **HODGE** fraudulently and without authorization made payments to her own bank account at Fifth Third Bank, account number ending x8733, from the Integrity Operating Account. She then made false entries in Quickbooks to disguise the payments to herself and to falsely make it appear as though those payments were to one more of Integrity's legitimate vendors.

9. It was further a part of the scheme that **HODGE** caused fraudulent payments to her bank account through Integrity's credit card. **HODGE** established an account at Melio Payments, Inc. ("Melio"), a third-party company that allows a business to use a credit card to make payments to vendors. The accounts that **HODGE** established at Melio were in the names of legitimate Integrity vendor, but **HODGE** entered her own bank account information into the Melio system instead of the vendor account numbers. She then caused Melio to charge the Integrity American Express card using the legitimate vendors' names, but had those payments routed into her bank account.

10. It was further a part of the scheme that in February 2020, **HODGE** applied for a $150,000 loan at WebBank (serviced through Can Capital, Inc.), a financial institution, in the name of F.F. **HODGE** did this to replenish the funds in the Integrity Operating Account to conceal the fact that she had embezzled funds and to continue her embezzlement from that account. **HODGE** applied for this loan without F.F.'s knowledge or permission. In the application, **HODGE** provided F.F.'s personal information, including his name and a photo of his Tennessee driver's license, and she forged his electronic signature on the application. **HODGE** then deposited the proceeds of that loan into the Integrity Operating Account and caused daily loan repayments to CanCapital to be auto-drafted out of the Integrity Operating Account.

11. In April 2020, Integrity applied for and received a PPP loan in the amount of $127,447. These funds were intended to be used for employee salaries and business expenses of Integrity during the COVID-19 pandemic. Because **HODGE** had made payments from the bank accounts to herself, as described above, the balance on Integrity's Operating Account at TN Bank & Trust as of May 1, 2020, had an overdraft $18.09. **HODGE** then transferred funds from F.F.'s personal bank accounts at TN Bank & Trust and the Integrity PPP account at TN Bank & Trust into the Integrity Operating Account at TN Bank & Trust to help conceal her fraud. **HODGE** continued to transfer funds from the PPP Account throughout the month of May 2020 to conceal the fraud.

12. On May 21, 2020, F.F. and Integrity discovered the fraud and **HODGE** was terminated from her position. After she was terminated, **HODGE** continued to attempt to make fraudulent purchases using Integrity's credit card.

13. On or about the dates listed below in each count, in the Middle District of Tennessee and elsewhere, **HODGE**, for the purpose of executing and attempting to execute the scheme to

3

Case 3:21-cr-00275   Document 3   Filed 11/15/21   Page 3 of 5 PageID #: 5

defraud, caused to be transmitted by means of wire communications in interstate commerce the following signals and sounds listed in the table below:

| Count | Date | Description of Wire Transaction |
|---|---|---|
| ONE | 04/12/2019 | A Wire transaction in the amount of $6,389.32 from Integrity's Operating Account to **HODGE's** personal bank account at Fifth Third Bank, account number ending x8733 |
| TWO | 02/14/2020 | Electronic transmission of Business Loan Application to WebBank |
| THREE | 05/12/2020 | A wire transfer of $3,823 from Integrity's American Express credit card to third-party payor Melio |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

14. Paragraphs One (1) through Thirteen (13) are reincorporated and realleged as if fully set forth herein.

15. On or about February 14, 2020, in the Middle District of Tennessee, **HODGE** did knowingly use, without lawful authority, a means of identification of another person, F.F., that is, his name, Tennessee driver's license, and forged electronic signature, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit wire fraud, in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

16. Paragraphs One (1) through Thirteen (13) and Fifteen (15) are reincorporated and realleged as if fully set forth herein in support of this forfeiture.

17. Upon conviction of any one of Counts One through Four of this Indictment, **HODGE** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) by Title 28, United States Code, Section 2461(c), any property, real or

personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343 as charged in Counts One through Three; or a violation of Title 18, United States Code, Section 1028A as charged in Count Four, including but not limited to a money judgment in the amount of at least $209,443.63 United States currency, representing the proceeds of the scheme and artifice to defraud as set forth in the Counts One through Three.

18. If any of the property described above, as a result of any act or omission of **HODGE**:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **HODGE**, up to the value of said property listed above as subject to forfeiture up to the amount of $209,444.63 United States currency.

A TRUE BILL

FOREPERSON

MARK H. WILDASIN
ACTING UNITED STATES ATTORNEY

*Kathryn W. Booth*
KATHRYN W. BOOTH
ASSISTANT UNITED STATES ATTORNEY