IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:21-cr-275 |
| v. ) | |
| ) | Judge Richardson |
| KIMBERLY HODGE ) | |
| a/k/a KIMBERLY HUGHEN ) | |

**UNITED STATES' MOTION FOR A DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

The United States, by and through Acting United States Attorney Robert E. McGuire and Assistant United States Attorney Chris Suedekum, hereby moves this Court to revoke the pretrial release order and detain the defendant, Kimberly Hodge, pending her sentencing hearing. *See* 18 U.S.C. § 3143.

On March 18, 2024, Hodge pled guilty pursuant to a plea agreement to two counts of wire fraud for carrying out a scheme to embezzle funds from her employer. (D.E. 59, 61.) At the time Hodge entered her guilty plea last year, the Government did not oppose her continued release on supervision, pursuant to 18 U.S.C. § 3143, because the Government was not aware of any ongoing criminal conduct or other violations of Hodge's conditions of release. As a result of the Government's position at the time, the Court permitted Hodge to remain on release conditions, finding that there was clear and convincing evidence that Hodge was not likely to flee or pose a danger to the safety of any other person or the community.

Subsequent to Hodge's guilty plea, the Government has now learned that—throughout the entirety of her pretrial supervision—Hodge has been lying to the U.S. Probation Office and officers tasked with supervising her. (*See* D.E. 77, PageID #: 191-92, *Petition for Action on Conditions of Pretrial Release*.) Hodge lied about her employment. Hodge lied about the identity of her supervisor. Hodge even provided falsified documentation to Probation in an effort to conceal and

perpetuate her lies. Relatedly, and though it is not noted in the Petition, Hodge has repeated (or at least reaffirmed) these lies in connection with the preparation of her presentence investigation report (PSR). The Court relies upon the PSR and the information provided by a defendant in determining the appropriate sentence. Providing false information subverts the Court's ability to effectuate the purposes of sentencing and administration of justice. The foregoing conduct is extremely serious, and this conduct alone warrants the revocation of Hodge's release pending sentencing. However, Hodge's problematic (and illegal) conduct extends even further.

As the Court is aware, Hodge was indicted and arrested in connection with this case in November 2021. (*See* D.E. 1, 9.) Hodge was subsequently released on conditions and was subject to pretrial supervision by the U.S. Probation Office. While on pretrial release, Hodge sought and obtained employment with a new employer in or around May 2022. However, Hodge did not tell this new prospective employer about her then-pending criminal charges. In fact, Hodge actively sought to conceal the pending federal indictment and her prior convictions for stealing from previous employers. To do so, Hodge falsified her employment paperwork and lied about her social security number (SSN) to subvert the company's background check. (*See id.*, PageID #: 191.) Rather than provide her own SSN on the paperwork that would be used to run a background check, Hodge listed her daughter's SSN. And because Hodge and her daughter have similar names, the employer failed to discover that Hodge had concealed her true identity and criminal record. As a result, the employer gave Hodge a job as a payroll processor, giving her access to the company's accounts and authority to process outgoing payments. Upon discovering Hodge's true identity and criminal record, Hodge was terminated from her position.

Hodge's disregard for the rights of others, and her willingness to use the identity of another person to lie to a prospective employer in order to obtain employment and access to a payroll system is highly troubling. That fact that Hodge would engage in this course of conduct *while*
2

perpetuate her lies. Relatedly, and though it is not noted in the Petition, Hodge has repeated (or at least reaffirmed) these lies in connection with the preparation of her presentence investigation report (PSR). The Court relies upon the PSR and the information provided by a defendant in determining the appropriate sentence. Providing false information subverts the Court's ability to effectuate the purposes of sentencing and administration of justice. The foregoing conduct is extremely serious, and this conduct alone warrants the revocation of Hodge's release pending sentencing. However, Hodge's problematic (and illegal) conduct extends even further.

As the Court is aware, Hodge was indicted and arrested in connection with this case in November 2021. (*See* D.E. 1, 9.) Hodge was subsequently released on conditions and was subject to pretrial supervision by the U.S. Probation Office. While on pretrial release, Hodge sought and obtained employment with a new employer in or around May 2022. However, Hodge did not tell this new prospective employer about her then-pending criminal charges. In fact, Hodge actively sought to conceal the pending federal indictment and her prior convictions for stealing from previous employers. To do so, Hodge falsified her employment paperwork and lied about her social security number (SSN) to subvert the company's background check. (*See id.*, PageID #: 191.) Rather than provide her own SSN on the paperwork that would be used to run a background check, Hodge listed her daughter's SSN. And because Hodge and her daughter have similar names, the employer failed to discover that Hodge had concealed her true identity and criminal record. As a result, the employer gave Hodge a job as a payroll processor, giving her access to the company's accounts and authority to process outgoing payments. Upon discovering Hodge's true identity and criminal record, Hodge was terminated from her position.

Hodge's disregard for the rights of others, and her willingness to use the identity of another person to lie to a prospective employer in order to obtain employment and access to a payroll system is highly troubling. That fact that Hodge would engage in this course of conduct *while*

*under federal indictment* and subject to supervision from the U.S. Probation Office makes her conduct all the more brazen.

Hodge's prior pattern of criminal behavior and embezzlement of funds, combined with her continued acts of fraud and deception while on supervision, show that Hodge represents a danger to the community and must be detained pending sentencing. Hodge cannot meet her burden to show by clear and convincing evidence that the community will be safe or that she will respect and follow any conditions imposed by the Court. Accordingly, the Government respectfully requests the Court revoke her pretrial release and detain her pending sentencing.

    Respectfully submitted,

    ROBERT E. MCGUIRE
    Acting United States Attorney

By:   /s/ Chris Suedekum
    CHRIS SUEDEKUM
    Assistant U.S. Attorney
    719 Church Street, Suite 3300
    Nashville, Tennessee 37203
    Phone: (615) 736-5151
    chris.suedekum@usdoj.gov